363 So.2d 967 (1978)
Nina Mae BROWN
v.
STATE FARM FIRE & CASUALTY COMPANY et al.
No. 6668.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
*968 Carey D. Bearden, Lafayette, for plaintiff-appellant.
Camp, Carmouche, Palmer, Carwile, Barsh & Hunter by James E. Williams, Stockwell, Sievert, Viccellio, Clements & Shaddock by Fred H. Sievert, Jr., Lake Charles, for defendants-appellees.
Before WATSON, GUIDRY and FORET, JJ.
WATSON, Judge.
The substantial issue presented in this appeal is whether plaintiff, Nina Mae Brown, had an insurable interest in certain property, which was destroyed by fire after she lost it at a sheriff's sale.
When she defaulted in her mortgage payments, Ms. Brown's property was seized and sold on September 19, 1973, to United Companies Mortgage and Investment of Lake Charles, Inc., the second mortgagee. On October 23, 1973, the residence on the property was destroyed by fire. Ms. Brown instituted this suit against defendant, State Farm Fire & Casualty Company, seeking recovery of the proceeds of an insurance policy covering the property. United intervened, asking for the proceeds by virtue of their mortgage and/or the interest acquired at the sheriff's sale.
A motion for summary judgment by United was sustained by the trial court, which recognized United's acquisition of all right, title and interest of Ms. Brown to the proceeds of the policy issued by State Farm.[1] A motion for summary judgment by State Farm was denied.
A peremptory exception of no right and/or no cause of action filed by State Farm was sustained and plaintiff's suit dismissed.
Plaintiff has appealed from both judgments.
LSA-R.S. 22:614 provides:
"A. No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured.
"B. `Insurable interest' as used in this Section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage."
An insurable interest must exist not only at the time the policy was written but also at the time of the loss. Union Cent. Life Ins. Co. v. Harp, 203 La. 806, 14 So.2d 643 (1943).
Plaintiff lost ownership of the insured property when it was sold at sheriff's sale to United. As a result of the adjudication, United acquired all rights and claims of the judgment debtor, plaintiff Brown, as completely as if she had sold the property directly. LSA-C.C.P. art. 2371. Since plaintiff did not have a "substantial economic interest" in the real property at the time of the loss, she has no remaining interest in the proceeds of the policy issued by State Farm. Allen v. Houston Fire & Casualty Insurance Co., 243 So.2d 905 (La.App. 3 Cir. 1971), cited in appellant's brief, involved a situation where the loss occurred after seizure but before the foreclosure sale while the loss here occurred subsequent to the sale.
The trial court was correct in granting United's motion for summary judgment and dismissing plaintiff's suit against State Farm on what can be described as "No right of action, or no interest in the plaintiff to institute the suit." LSA-C.C.P. art. 927(5).
For the reasons assigned, the judgment is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Ms. Brown's claims for fire damage to her personal property and loss of income were compromised and dismissed.