422 So.2d 1142 (1982)
Donald R. MILLER
v.
HARTFORD FIRE INSURANCE COMPANY.
No. 82-C-1094.
Supreme Court of Louisiana.
November 29, 1982.
*1143 Donald R. Miller, Shreveport, for applicant.
Steven H. Beadles, Charles G. Tutt, Cook, Yancey, King & Galloway, Shreveport, for respondent.
DENNIS, Justice.
We have carefully scrutinized the record in this case and have concluded that it contains no grounds for reversal or modification of the court of appeal judgment. A full opinion by this court is unnecessary because the facts of the case have been correctly stated by the court of appeal, and our analysis differs only slightly with respect to one issue from that of our intermediate appellate brethren. See Miller v. Hartford Fire Ins. Co., 412 So.2d 662 (La. App. 2d Cir.1982). Accordingly, the judgment of the court of appeal will be affirmed for the reasons stated in its opinion, except for the limited variance hereinafter noted.
At the time of the fire loss, the owner of the property was John McGrew. John Miller, the named insured in the Hartford policy covering the property, owned a promissory note in the amount of $4,000 secured by a mortgage on the premises signed by John McGrew. Following the fire loss, by written act of assignment, John Miller assigned his $4,000 promissory note, secured by a mortgage on the insured property, to the agent of John McGrew.
An assignment of a note would ordinarily vest the assignee with the right to collect the obligation from its maker. However, this assignment curiously transferred the note to its maker. Thus, Miller's assignment of the note to McGrew united the qualities of debtor and creditor in the person of McGrew, causing a confusion of right, which extinguished the debt. La.Civ. Code art. 2217. When the principal debt was extinguished, the mortgage disappeared with it. La.Civ.Code art. 3285. The extinguishment of the obligation on the note destroyed Miller's ability to comply with his express obligation under the insurance policy to subrogate Hartford to his rights on the mortgage and the note it secures. Under these circumstances, when the insured releases his debtor and thereby deprives the insurer of its subrogation right, the insurer is discharged to the degree of this impairment from its liability under the policy. City of New York Insurance Co. v. Abraham, 20 So.2d 183 (La.App. 2d Cir.1944); cf. Washington v. Dairyland Ins. Co., 240 So.2d 562 (La.App. 4th Cir. 1970); Polk Chevrolet Co. v. Salario, 132 So.2d 115 (La.App. 1st Cir.1961); Travelers Fire Ins. Co. v. Ackel, 29 So.2d 617 (La.App. 2d Cir.1947); Comment, ObligationsInsurer's Cause of ActionConventional and Legal Subrogation, 19 La.L.Rev. 726 (1959).
Our only real disagreement with the court of appeal opinion is with the importance it seems to place upon the fact that John Miller divested himself of his insurable interest in the property after the fire loss. Strictly speaking, whether John Miller had an insurable interest in the property after he assigned his interest in the note and the insurance policy is not a material issue. Since the right of recovery under the policy accrued as of the time of the loss, the fact that the insured thereafter parted with his interest or assigned the policy does not defeat recovery. Couch on Insurance 2d, § 24:17 at n. 3. cf. Union Central Life Ins. Co. v. Harp, 203 La. 806, 14 So.2d 643 (1943); Bell v. The Western Marine and Fire Ins. Co. 5 Rob. 423 (1843); Power v. Ocean Insurance Company 19 La. 28 (1841); Brown v. State Farm Fire & Cas. Co., 363 So.2d 967 (La.App. 3rd Cir.1978); Davis-Wood Lumber Co. v. Ins. Co. of North America 154 So. 760 (La.App. 1st Cir.1934); Comment, 5 La.L.Rev. 620 (1947). In our opinion, the right to recovery under the Hartford policy in the present case was defeated solely because the extinguishment *1144 of the debt and the disappearance of the mortgage deprived the insurer of its subrogation right.
Finally, we agree with the lower courts that Hartford's motion for a new trial was timely. This question is important for a determination of whether Hartford's appeal from an adverse judgment after the new trial was timely. At the conclusion of the first trial, judgment was not rendered and the trial judge instructed the parties to file supplemental briefs. The briefs were submitted and oral judgment was rendered, followed eventually by a signed judgment. As the trial judge acknowledged, his actions at the close of the trial fairly indicated that he had taken the case under advisement. Thus, Hartford had seven legal days after the day the clerk mailed, or the sheriff served, the notice of judgment in which to timely apply for a new trial. La.Code Civ.P. arts. 1913, 1974. The record reveals that Hartford filed its motion for a new trial within the required period.
For the reasons assigned, the court of appeal judgment is affirmed.
AFFIRMED.
DIXON, C.J., and CALOGERO, J., dissent.