524 So.2d 1256 (1988)
William BELT, as Administrator of the Estate of his Minor Daughter, Melanie Belt, Plaintiff-Appellee,
v.
FARM BUREAU INSURANCE CO., Defendant-Appellant.
No. 87-71.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
Rehearing Denied April 11, 1988.
Writs Denied June 2, 1988.
*1257 Norris Greehouse, Marksville, for plaintiff/appellee.
Brittain & Williams, J. Morgan Passman, Natchitoches, for defendant/appellant.
Before DOMENGEAUX and YELVERTON, JJ., and CULPEPPER[*], J. Pro Tem.
DOMENGEAUX, Judge.
This case was consolidated for trial with case No. 87-72 entitled Belt v. Farm Bureau Insurance Co., 524 So.2d 1260 (La. App. 3rd Cir.1988). The Trial Judge rendered separate judgments in each lawsuit. On appeal, both cases present identical issues for our review. Therefore, for purposes of clarity and consistency we will also render a separate judgment for case # 87-72, but the issues raised therein will be addressed and determined by this opinion.
This lawsuit arose from an auto accident in which the plaintiffs, Mrs. Carol Belt and her minor daughter, Melanie, sustained numerous injuries while occupying their automobile which was insured by the defendant, Farm Bureau Insurance Co. Mr. William Belt, as administrator of the estate of the minor, Melanie Belt, and Mrs. Carol Belt, individually, sued Farm Bureau for the medical expenses which resulted from the aforementioned accident under the medical payments provision of their auto liability insurance policy. The Trial Judge ruled in favor of the plaintiffs and also awarded the plaintiffs penalties and attorney's fees. Defendant has appealed this ruling presenting four issues for our review:
1. Whether or not the plaintiffs presented sufficient proof that there was demand for payment of the medical expenses as required under La.R.S. 22:658.
2. Whether or not the defendant's refusal to pay such claims was arbitrary, capricious and without probable cause and thus subject to penalties and attorney's fees.
3. Whether or not the plaintiffs were required to present sufficient evidence that they had not already been fully compensated for their medical expenses by the settlement amount paid by the tortfeasor.
4. Whether or not the plaintiffs' release of the tortfeasor which impaired the defendant's future subrogation rights relieved the defendant of its contractural obligation of payment.

FACTS
On October 13, 1985, the plaintiffs, Mrs. Carol Belt and her minor daughter Melanie Belt were involved in an auto accident. The plaintiffs were occupying their own automobile which was insured by the defendant, Farm Bureau Insurance Company. The auto liability policy contained a medical *1258 payments provision providing up to $5,000.00 per person for medical expenses incurred by an insured involved in an accident.
On November 6, 1985, plaintiffs' attorney, Mr. John T. Bennett wrote a letter in reference to the aforementioned accident to Mr. Dwayne Lemoine, a claims adjuster for defendant, Farm Bureau. The letter informed Mr. Lemoine of the demolished condition of the Belt's automobile and requested an inspection for a collision claim. The letter also enclosed a medical report from Doctor Gagic, the Belts' treating physician. On November 14, 1985, Mr. Bennett sent Mr. Lemoine additional medical records from Humana Hospital on Mrs. Belt and Melanie. On November 20, 1985, copies of bills from Humana in the amounts of $3,915.41 and $1,867.79 for Mrs. Belt and Melanie, respectively, were sent to Mr. Lemoine. On November 21, 1985, Mr. Bennett sent a copy of the Physician's Progress Report on Mrs. Belt and on November 23, 1985, bills from another physician were submitted to Mr. Lemoine. On January 2, 1986, medical records from Our Lady of the Lake Regional Center were sent to Mr. Lemoine. No other correspondence regarding the medical bills was sent until June 3, 1986, at which point, Mr. Bennett specifically requested that defendant pay the medical bills that had been previously submitted.
Notably, on April 10, 1986, and May 28, 1986, the Belts executed release agreements with the tortfeasor and his insurer, State Farm Insurance Company. The Belts received two settlement checks from State Farm for Ten Thousand and no/100 ($10,000.00) Dollars each, one for Mrs. Belt's claim and one for daughter Melanie's claim.
The medical expenses resulting from the accident amounted to $5,451.61 for Mrs. Belt and $2,167.79 for Melanie Belt. After Farm Bureau refused to pay the Belt's medical expenses, the Belts sued Farm Bureau for the recovery of these payments as owed and due under the medical payments provision of their auto liability policy. Additionally, the Belts asked for penalties and attorney's fees as provided under La.R.S. 22:658 claiming that the defendant acted arbitrary, capricious and without probable cause in refusing payment.
The Trial Judge found that Farm Bureau had received demand of the insured's claim for medical expenses as of the November, 1985, correspondence and that they had been arbitrary, capricious and without probable cause in refusing payment. The Court awarded the policy limit of $5,000.00 for Mrs. Belt's medical expenses and $2,167.79 for Melanie's medical expenses. Attorney's fees of $2,000.00 and $750.00 for Mrs. Belt's and Melanie's respective claims were also awarded along with a 12% penalty fee. Defendant has appealed from this ruling.

SUFFICIENT DEMAND FOR PAYMENT
Defendant contends that the Belts did not present sufficient proof of demand for payment as is required under La.R.S. 22:658 in order to activate the sixty day period for which the insurance company must pay a claimant.
La.R.S. 22:658(A) requires an insurer to pay any claim due any insured within sixty days of receipt of satisfactory proof of loss. Section (B)(1) of this article requires the following:
B.(1) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss ...
Acts 1986, No. 132, eff. June 26, 1986. (emphasis added).
A satisfactory proof of loss is that which is sufficient to fully apprise the insurer of the insured's claim. McDill v. Utica Mut. Ins. Co., 475 So.2d 1085 (La. 1985). To qualify as a "demand" for purposes of imposition of statutory penalties *1259 and attorney's fees for arbitrarily refusing to pay medical expenses, the communication must fully inform the insurer of the plaintiff's intention to claim payment under the policy for a specified amount. Abraham v. Hanover Ins. Co., 420 So.2d 526 (La.App. 2nd Cir.1982); Hut of La., Inc. v. Zurich Ins. Co., 372 So.2d 687 (La.App. 1st Cir.1979).
The Trial Court found that defendant Farm Bureau had received satisfactory proof of loss and demand as of November, 1985, as indicated by the letters sent to the defendant's adjuster, Mr. Lemoine. The briefly worded correspondence between plaintiff's attorney, Mr. Bennett, and defendant's adjuster, Mr. Lemoine, indicates that additional oral conversations discussing the auto accident occurred between the two and indeed, during the trial, counsel for the plaintiffs made several references to such conversations.
Demand for payment may be oral or written and what constitutes sufficient demand is to be determined in light of the facts and circumstances in each case. Wilkins v. Allstate Ins. Co., 173 So.2d 199 (La.App. 1st Cir.1965). After reviewing the trial testimony and reading the submitted correspondence, the only logical conclusion that can be drawn from the evidence is that the plaintiffs were submitting the itemized bills and medical reports in order to make a claim for the medical expenses. Any other conclusion contradicts the self evident intent of an insured submitting itemized medical bills to their insurer. There is no other apparent reason for the submission of such bills but to expect payment. Hence, we find no manifest error in the Trial Judge's determination that defendant Farm Bureau received notice of the plaintiff's claim in November, 1985.

ARBITRARY, CAPRICIOUS AND WITHOUT PROBABLE CAUSE
The defendant asserts two reasons for its failure to pay the Belts' medical expenses. Initially, Farm Bureau argues that the plaintiffs are trying to obtain double recovery for the medical expenses, an amount from which the plaintiffs are precluded under the policy's subrogation clause. Defendant argues that because the settlement of $10,000.00 per plaintiff was so much greater than Mrs. Belt and daughter Melanie's medical expenses of $5,451.61 and $2,167.79, respectively, it can be presumed that the settlement has already compensated the Belts for the medical expenses. Counsel for the defendant cites Wallace v. Aetna Life & Cas. Ins. Co., 499 So.2d 577 (La.App. 2nd Cir.1986) as authority for this proposition.
In Wallace, supra, the plaintiff settled with the tortfeasor for $105,000.00 and then proceeded to sue her own group health insurer for $23,000.00 of medical expenses that arose from the same accident. The Court held that in order to be allowed to sue her insurer for these expenses, the insured would have to show that she had not been fully compensated for her medical expenses of $23,000.00 with the settlement amount of $105,000.00. Furthermore, the Court found that besides the medical expenses, no other damages were proven by the plaintiff that would have indicated that the $105,000.00 settlement amount did not incude the $23,000.00 of medical expenses. The Court then denied the plaintiff recovery against her insurer for the medical expenses.
In this case, the Belts sued for $5,451.61 and $2,167.79 in medical expenses for Mrs. Belt and Melanie. Each plaintiff received $10,000.00 in settlement from the tortfeasor. Therefore, each plaintiff already received compensation in excess of her medical expenses. Like the plaintiff in Wallace, supra, the Belts have failed to present any evidence of additional damages which would indicate that the settlement amount did not fully compensate the plaintiff's medical expenses. As the plaintiffs are precluded from double recovery under the terms of their insurance policy, and as the evidence indicates that the plaintiffs have already been fully compensated for these medical expenses, we find that, after the plaintiff's received their settlement amount, they no longer had a right to repayment for the same expenses from their own insurer, in the absence of proof that *1260 they had not been fully compensated by the settlement.
The defendant's second assertion for their refusal to pay also merits discussion. Farm Bureau argues that the plaintiff's release of the tortfeasor impaired the insurance company's subrogation rights against the tortfeasor and resulted in the plaintiff's losing their right of action against their insurer. Defendant cites Washington v. Dairyland Ins. Co., 240 So.2d 562 (La.App. 4th Cir.1970) as authority for this. Farm Bureau is correct in its assertion that when an insured releases his debtor and thereby deprives the insurer of its subrogation right, the insurer is discharged to the degree of impairment from its liability under the policy. Miller v. Hartford Fire Ins. Co., 422 So.2d 1142 (La.1982); Howard Griffin v. Progressive Cas. Ins. Co., 409 So.2d 1262 (La.App. 2nd Cir.1982); cf. Wallace v. Aetna, supra; cf. Washington v. Dairyland Ins. Co., supra. Hence, the impairment of the defendant's subrogation rights caused by the Belts' release of the tortfeasor resulted in the Belts losing their rights to recover under the policy.
However, neither defense asserted by the defendant addresses the issue of whether the defendant was arbitrary, capricious, and without probable cause in failing to pay the Belts within sixty days of receiving notice of the claim. The Belts settled with the tortfeasor on April 10, 1986, and May 28, 1986, clearly after sixty days had elapsed from the demand in November, 1985. If the Belts had settled and released the tortfeasor within the sixty day period, the settlement and release would have constituted a valid defense to the non-payment of the Belts' medical expenses. However, as the settlement and release occurred after the sixty day time period, these subsequent acts had no effect on the defendant's failure to pay timely. Although the settlement and release subsequently voided the plaintiffs' claim for payment from their insurer, the Belts were entitled to payment within sixty days from proof of loss and due demand. Therefore, we find that the defendant Farm Bureau's failure to pay was wilful, capricious and without probable cause and they are liable for penalties and attorney's fees. However, for the aforementioned reasons, the defendant is not obligated to pay the plaintiffs the medical expenses originally demanded.
For the above reasons, we reverse that portion of the judgment of the Trial Court which awarded $5,000.00 and $2,167.79 for the medical expenses of the plaintiffs. That part of the judgment awarding costs, penalties of 12% and attorney's fees of $2,000.00 and $750.00 is affirmed.
Costs on appeal are assessed one-half to plaintiff and one-half to defendant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.