540 So.2d 1265 (1989)
Daniel J. RITCHEY, Donna Jo G. Ritchey, Donald F. Gerard, & Betty J. Gerard, Plaintiffs-Appellants,
v.
Arthur L. DEES, et al., Defendant-Appellee.
No. 87-1286.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
*1266 Anthony M. Fazzio, Lafayette, for plaintiffs-appellants.
Simmons, Zeldon & Defrances, Michael D. Zeldon, Funderburk & Andrews, Arthur H. Andrews, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
FORET, Judge.
Plaintiffs, Daniel J. Ritchey, Donna Jo G. Ritchey, Donald F. Gerard and Betty J. Gerard, filed suit against Safeco Insurance Company of America (Safeco) as uninsured motorist carrier for damages arising out of an automobile accident occurring on November 1, 1982. The trial court rendered judgment in favor of Safeco, finding that the total damages sustained by plaintiffs did not exceed the amount of liability insurance coverage available to and previously paid to the plaintiffs. Plaintiffs have appealed, raising several assignments of error, and Safeco has answered the appeal, seeking damages and attorney's fees for frivolous appeal.

*1267 FACTS
On November 1, 1982, plaintiffs were involved in an automobile accident in St. Martin Parish while riding in a 1979 Dodge motor home driven by its owner, Daniel Ritchey. It was stipulated at trial that the accident and resulting injuries were caused by the negligence of Arthur L. Dees, driver of the other vehicle involved in the accident. Dees was driving a truck owned by his employer, Herbert J. Simon, d/b/a Herb's Dozier Works.[1] Plaintiffs sustained numerous personal injuries as a result of this accident, and all four plaintiffs were taken to Lafayette General Hospital for treatment. Betty Gerard sustained the most serious injuries. She underwent a decompression laminectomy and facetectomy (removal of bone around the nerve root) at L2, 3, 4 & 5 to relieve nerve root irritation. Additionally, she sustained injuries in the hip area, resulting in a large hematoma, meralgia paresthetica (aggravation of sensory nerve causing tingling and numbness of the skin), and bursitis. She also fractured her seventh rib and sustained numerous bruises and contusions.
Donald Gerard suffered a torn rotator cuff injury to his left shoulder, necessitating surgery, as well as a vertical undisplaced fracture of the tibia plateau which did not require surgery. As for the Ritcheys, Daniel suffered from neck pain for several months before undergoing an anterior cervical diskectomy and fusion, resulting in the removal of the fourth and fifth discs in the cervical area. Donna Jo sustained a neck strain, contusions, and bruises and was seen by Dr. James Fournet on four or five occasions.

QUANTUM
Plaintiffs complain that the general damage awards made by the trial court are inadequate. The following is an itemization of the total damage awards made to the plaintiffs in this case:

BETTY GERARD
Past, present & future mental
and physical pain and suffering
......................................................$15,000.00
Past medical bills....................................$15,273.34
Future medical bills..................................$ 2,000.00
Disability............................................$ 783.33
 ______
TOTAL.................................................$33,056.67
DONALD GERARD
Past, present & future mental
and physical pain and suffering
......................................................$20,000.00
Past medical bills....................................$ 5,554.48
Disability............................................$ 5,000.00
 ________
TOTAL.................................................$30,554.48
DANIEL RITCHEY
Past, present & future mental
and physical pain and suffering
......................................................$ 6,666.66
Loss of past wages....................................$24,390.40
Loss of future wages..................................$50,000.00
Past medical bills....................................$13,169.89
 _________
Total.................................................$94,226.95
DONNA JO RITCHEY
Past, present & future mental
and physical pain and suffering
......................................................$ 1,281.25
Loss of past wages....................................$ 475.00
Past medical bills....................................$ 531.89
 ______
Total.................................................$ 2,288.14

The total damage award made by the trial court to all plaintiffs is $160,126.24. Therefore, in order to reverse the judgment of the trial court and render judgment against Safeco, we must increase the total damages sustained by plaintiffs herein to an amount in excess of the sum of $300,000.00 (the liability limits previously received by plaintiffs). To do so, we must find that the lowest amount(s) which the jury could have reasonably awarded to plaintiffs for general damages is a sum or amount which will increase plaintiffs' total damages over the sum of $300,000. We have carefully reviewed the record in these proceedings and do not feel that the evidence warrants such a finding. We agree that the general damage awards made to Daniel Ritchey, Donna Jo Ritchey, and Betty Gerard constitute an abuse of the jury's discretion. However, when we raise these awards to the lowest amounts which the jury could have reasonably awarded, we find that the total damages sustained by *1268 plaintiffs in this case are still well below the sum of $300,000.00. Accordingly, we find this assignment of error to be without merit.

MED PAY PROVISIONS
Plaintiffs contend that Safeco is also liable for medical expenses incurred by plaintiffs up to the sum of $5,000 per person. Plaintiffs base their contention on the "EXPENSES FOR MEDICAL SERVICES" clause contained in the Safeco policy issued to Daniel Ritchey which states, in pertinent part, as follows:
"Coverage CMedical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," caused by accident.
(a) while occupying the owned automobile.
(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or by a trailer of any type;
Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying
(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or
(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant, or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer,
but only if such operator or occupant has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission."
We agree with plaintiffs' assertion that Safeco is liable for medical payments pursuant to the above cited provisions regardless of whether or not benefits are payable under the uninsured motorist provisions of the Safeco policy. However, Condition 13 of the Safeco policy grants to Safeco full subrogation rights in the event of payment under the medical payments provisions of said policy, and plaintiffs' settlement and release of the tort-feasor, his employer, and the liability insurance carrier has resulted in an impairment of Safeco's rights of subrogation, thereby releasing Safeco from any liability under said provisions. This same factual situation was presented for our consideration in Belt v. Farm Bureau Ins. Co., 524 So.2d 1256 (La.App. 3 Cir. 1988), writs denied, 526 So.2d 799, 803 (La. 1988), in which case the plaintiff (Belt) settled with the tort-feasor's liability insurance carrier and thereafter sought recovery under the med pay provisions of Belt's policy issued by Farm Bureau Insurance Co. In denying plaintiffs' claim, we stated the following:
"The defendant's second assertion for their refusal to pay also merits discussion. Farm Bureau argues that the plaintiff's release of the tortfeasor impaired the insurance company's subrogation rights against the tortfeasor and resulted in the plaintiff's losing their right of action against their insurer. Defendant cites Washington v. Dairyland Ins. Co., 240 So.2d 562 (La.App. 4th Cir. 1970) as authority for this. Farm Bureau is correct in its assertion that when an insured releases his debtor and thereby deprives the insurer of its subrogation right, the insurer is discharged to the degree of impairment from its liability under the policy. Miller v. Hartford Fire Ins. Co., 422 So.2d 1142 (La.1982); Howard Griffin v. Progressive Cas. Ins. Co., 409 So.2d 1262 (La.App. 2nd Cir. *1269 1982); cf. Wallace v. Aetna [Life & Cas. Ins. Co., 499 So.2d 577 (La.App. 2nd Cir. 1986)], supra; cf. Washington v. Dairyland Ins. Co., supra. Hence, the impairment of the defendant's subrogation rights caused by the Belts' release of the tortfeasor resulted in the Belts losing their rights to recover under the policy."
We therefore conclude, on the basis of our decision in Belt, that plaintiffs cannot recover under the above cited medical payments provisions of the Safeco policy and, therefore, the trial court acted properly in denying plaintiffs' motion to amend judgment based upon this issue.

QUOTIENT VERDICT
Plaintiffs contend that the jury reached a quotient verdict in this case and thus the trial court erred in denying plaintiffs' motion for judgment notwithstanding the verdict and, alternatively, for a new trial. A quotient verdict is a verdict in which the jurors agree to total each juror's proposed damage award, divide this sum by twelve, and be bound by the average. Quotient verdicts are not favored in Louisiana because they preclude full deliberation on the issues and cause abandonment by some or all jurors of their conscientious convictions on material issues. See, DeBose v. Trapani, 295 So.2d 72 (La.App. 4 Cir.1974), writ denied, 299 So.2d 359 (La.1974). Plaintiffs assert that the following colloquy, occurring during the polling of the jurors, establishes that a quotient verdict was reached:
"(THE VERDICT IS READ BY JUDGE BECKER)
THE COURT: Any motions, gentlemen?
MR. ANDREWS: We would ask for a polling, Your Honor.
THE COURT: Ladies and gentlemen, a poll has been requested. As I call your name, having in mind that nine of the twelve jurors must agree, when I call your name for each separate plaintiff I'm just going to call for the total,Is that satisfactory?of each plaintiff.
MR. ANDREWS: I wouldn't mind, Your Honor, if we did it on the entire verdict and just ask, `Is this your verdict?' as to all of them or not.
THE COURT: All right, sir. You're requesting the poll.
I will call your name then with regard to all four of the plaintiffs. If this is your verdict, please answer `Yes.' If it is not your verdict, please answer `No.'
Ms. Clerk, would you record the poll, please.
THE COURT:
Ms. Ware, is this your(A male juror raises his hand.)
THE COURT:
Yes, sir?
MR. COURVELLE:
One thinglike some of the things we came up with, the system we used was we each came up with a figure, we added them up, and divided by twelve (12), and then everybody agrees to that amount to be the bottom line. So the number we ask you might not be
THE COURT:
I understand.
MR. COURVELLE:
submitted, but I agreed to that.
THE COURT:
At least nine of the twelve of you agreed
MR. COURVELLE:
We all agreed to
THE COURT:
to those verdicts once you had discussed the matter, am I correct?
MR. COURVELLE:
Right.
THE COURT:
What I'm going to do is then just ask if these are your verdicts that you have all agreed upon before returning to the courtroom.
MR. COURVELLE:
What we finally agreed upon.
THE COURT:
Yes, sir. That is correct. And if it is, you please answer `Yes.' If it is not, please answer `No.'"
We do not feel that this testimony, in and of itself, establishes that a quotient verdict was reached in this case. The trial court *1270 specifically asked Juror Courvelle whether or not discussion took place prior to agreeing on a verdict and he responded in the affirmative. Thus, the evidence does not demonstrate that a binding agreement was made by the jurors to be bound by the average of their proposed damage awards as Juror Courvelle's testimony indicates that a final verdict was not agreed to until full discussion and deliberation had taken place. Moreover, it would be improper for us to remand this matter for a full evidentiary hearing on this issue because of the well established principle in Louisiana that jurors cannot impeach their own verdict. Leblanc v. K-Mart Apparel Fashions Corp., 399 So.2d 753 (La.App. 3 Cir.1981); Wright v. State Farm Mut. Auto. Ins., 445 So.2d 206 (La.App. 3 Cir.1984); Bickham v. Airlie Corp., 468 So.2d 658 (La.App. 4 Cir. 1985), writ denied, 470 So.2d 120 (La.1985). Accordingly, we find this assignment of error to be without merit.

COURT COSTS
In this assignment of error, plaintiffs complain that the trial court erred in assessing court costs to plaintiffs and in further denying plaintiffs' motion to amend judgment based upon this issue. We disagree. While it is true that plaintiffs did prove that they incurred damages as a result of the November 1, 1982 accident, they failed to show that defendant, Safeco, was liable for such damages. Accordingly, the suit against Safeco was dismissed and plaintiffs were properly assessed with court costs. We therefore find this assignment of error to be without merit.

FRIVOLOUS APPEAL
Safeco has answered the appeal, contending that it is entitled to damages, attorney's fees, and court costs for frivolous appeal. We disagree. The issues raised by plaintiffs on appeal are substantial issues worthy of our consideration. We therefore deny Safeco's request for damages and attorney's fees. However, because the judgment of the trial court is being affirmed on appeal, plaintiffs will be assessed with court costs relating to this appeal.
Considering the above and foregoing, the judgment of the trial court is affirmed, and plaintiffs, Daniel J. Ritchey, Donna Jo G. Ritchey, Donald F. Gerard, and Betty J. Gerard, are assessed with all costs of this appeal.
AFFIRMED.
YELVERTON, J., concurs.
NOTES
[1] Prior to trial, plaintiffs settled with the liability insurance carrier of Herbert Simon, d/b/a Herb's Dozier Works, the owner of the other vehicle involved in this accident. It was stipulated at trial that the total liability limits of $300,000 were paid to plaintiffs in this settlement.