897 So.2d 142 (2004)
Mario E. STAMPER and Angela R. Stamper
v.
LIBERTY MUTUAL INSURANCE COMPANY.
No. 2003 CA 2764.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Harry L. Shoemaker, III, Baton Rouge, Counsel for Plaintiff/Appellant Mario E. Stamper.
Patrick F. Robinson, Baton Rouge, Counsel for Defendant/Appellee Liberty Mutual Insurance Company.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
The issue raised on appeal in this personal injury action is whether an automobile victim's settlement and release of the tortfeasor and her liability insurance carrier resulted in impairment of the medical payment carrier's rights of subrogation, thereby releasing the medical payment carrier from liability under the provisions of its policy. For the following reasons, we affirm.
On March 29, 1997, Mario E. Stamper was involved in an automobile accident with Deborah Cantey. At the time of the accident, State Farm Mutual Insurance Company provided automobile liability insurance to Ms. Cantey in the sum of $10,000. Mr. Stamper's vehicle was insured under a policy issued by Liberty Mutual Insurance Company that provided medical payments (med pay) coverage in the sum of $1,000 and uninsured motorist coverage. Mr. Stamper entered into a full compromise and settlement with State Farm and Ms. Cantey for the sum of *143 $9,000, fully reserving his rights against all other parties. Thereafter, Mr. Stamper[1] filed the instant lawsuit against Liberty Mutual, seeking payment of the med pay limits, as well as penalties and attorney's fees pursuant to LSA-R.S. 22:658.
After hearing the matter, the trial court rendered judgment in favor of Mr. Stamper in the sum of $6,200 in general damages, $2,981 in medical expenses, and $650 in expert witness fees. The trial court further rendered judgment in favor of Liberty Mutual and against Mr. Stamper, denying Mr. Stamper any recovery under the med pay provisions of Liberty Mutual's policy and denying his claim for penalties and attorney's fees. Mr. Stamper appeals, asserting the trial court erred in concluding that the settlement and release he executed in favor of State Farm and Ms. Cantey precluded recovery under the med pay provisions of the policy issued by Liberty Mutual and, therefore, Liberty Mutual had no obligation, under the med pay provisions of its policy to reimburse Mr. Stamper for medical expenses incurred due to the accident of March 29, 1997.
Initially, we note that it is well-settled that an insurance policy is a contract and, as with all other contracts, it is the law between the parties. Massachusetts Mut. Life Ins. Co. v. Nails, 549 So.2d 826, 832 (La.1989); New Orleans Property Dev., Ltd. v. Aetna Cas. & Sur. Co., 93-0692, p. 6 (La.App. 1 Cir. 4/8/94), 642 So.2d 1312, 1315. It is equally well-settled that in the absence of a conflict with law or public policy, insurers have the right to limit their liability and to impose whatever conditions they please upon their obligations. Snell v. Stein, 261 La. 358, 259 So.2d 876, 878 (1972); Hedgepeth v. Guerin, 96-1044, p. 7 (La.App. 1 Cir. 3/27/97), 691 So.2d 1355, 1360, writ denied, 97-1377 (La.9/26/97), 701 So.2d 983. In these circumstances, unambiguous provisions limiting liability must be given effect. Aetna Ins. Co. v. Grady White Boats, Inc., 432 So.2d 1082, 1086, (La.App. 3 Cir.1983) There is no statutory or public policy requirement relating to med pay coverage that overrides or negates the express provisions of the insurance policies. Miletello v. State Farm Mut. Auto. Ins. Co., 566 So.2d 676, 679 (La.App. 2 Cir.1990); Jones v. Allstate Ins. Co., 429 So.2d 241, 243 (La.App. 3 Cir.1983); Phillips v. Hartford Acc. & Indem. Co., 325 So.2d 638, 640 (La.App. 1 Cir.1976). Therefore, full effect must be given to the terms of Liberty Mutual's insurance policy as written.
The policy at issue, in pertinent part, obligates Liberty Mutual to pay reasonable expenses incurred for necessary medical expenses in exchange for which the insured agrees to protect Liberty Mutual's rights against third parties regarding recovery of such payments. Therefore, the policy grants Liberty Mutual full subrogation rights in the event of payment under the med pay provisions of said policy. Herein, the trial court determined that Mr. Stamper incurred $9,181 in damages due to this accident, $2,981 of which the trial court attributed to medical expenses.[2] Because State Farm provided liability insurance in the sum of $10,000 and the total damages awarded were less than said policy limits, Liberty Mutual's right to subrogation extended to the entire $1,000 limit of its liability. Therefore, Mr. Stamper's settlement and release of the tortfeasor and her insurer resulted in an impairment of Liberty Mutual's right of *144 subrogation. When an insured releases his debtor and thereby deprives the insurer of its subrogation right, the insurer is discharged to the degree of impairment from its liability under the policy. Miller v. Hartford Fire Ins. Co., 422 So.2d 1142, 1143 (La.1982); Brister v. Blue Cross and Blue Shield of Florida, 562 So.2d 1040, 1042 (La.App. 3 Cir.1990); Polk Chevrolet Co., Inc. v. Salario, 132 So.2d 115, 118 (La.App. 1 Cir.1961). Therefore, the impairment of Liberty Mutual's subrogation rights caused by Mr. Stamper's release of the tortfeasor and her insurer resulted in Mr. Stamper losing his right to recover under the med pay provisions of Liberty Mutual's policy. See Ritchey v. Dees, 540 So.2d 1265, 1268 (La.App. 3 Cir.), writ denied, 542 So.2d 1387 (La.1989); Belt v. Farm Bureau Ins. Co., 524 So.2d 1256, 1260 (La.App. 3 Cir.), writs denied, 526 So.2d 799, 803 (La.1988). Thus, the trial court did not err in denying Mr. Stamper recovery under the med pay provision of Liberty Mutual's policy or in denying his claim for penalties and attorney's fees.
Accordingly, we affirm the judgment of the trial court. Costs are assessed against Mario E. Stamper.
AFFIRMED.
NOTES
[1] This suit was initially filed by Mario E. Stamper and Angela R. Stamper. Angela Stamper's claims were dismissed with prejudice prior to trial.
[2] The amount of damages set by the trial court is not contested on appeal.