SCHOTT, Judge.
This is an action for reimbursement or subrogation by a health insurer against its insured to recover benefits paid for medical expenses incurred by the insured after an automobile accident. The insured settled her case against the third party tortfeasor for a sum which, by stipulation between these parties, was intended to exclude past medical expenses. From a judgment dismissing the insurer’s claim, the insurer has appealed. The issue is whether the language of the policy entitles the insurer to recover.
Plaintiff, Roseanne Poche, sustained extensive injuries in an automobile accident on April 3, 1983. She was insured under a group health and accident insurance policy issued by United of Omaha Life Insurance Company (United) which, in due course, paid plaintiff’s medical expenses to the extent of $148,547.91. Plaintiff filed suit against the City of New Orleans seeking damages including $750,000 in past and future medical expenses. In January, 1986 plaintiff settled with the City for $450,000. Under the terms of the settlement agreement the parties agreed that no amount for past medical expenses was included in the payment since the claim for past medical expenses had been subrogated to United. They further agreed that if United succeeded in a suit against the City, the latter would pay fifty percent of the claim but no *1138 more than $50,000 to United and plaintiff would pay the balance. Pursuant to this agreement plaintiff deposited $100,000 of the settlement funds in escrow. In addition, plaintiff moved to dismiss her claim for past medical expenses.
United intervened in the proceedings, seeking to recover against plaintiff the full amount paid for her medical expenses. It based its claim on the following provisions of a subrogation rider attached to the group policy insuring plaintiff:
“DEFINITION
Subrogation means our right to recover any policy payments:
(a) made because of an injury to you or your dependent caused by a third party’s wrongful act.
(b) which you or your dependent later recover from the third party or the third party’s insurer.
Third Party means another person or organization.
SUBROGATION RIGHTS
If you or your dependent is injured because of a third party’s wrongful act or negligence:
1. We will pay policy benefits for that injury, subject to the conditions that you and your dependent:
(a) agree to our being subrogated to any recovery or right of recovery you or your dependent has against that third party;
(b) will not take any action which would prejudice our subrogation rights; and
(c) will cooperate in doing what is reasonably necessary to assist us in any recovery.
2. We will be subrogated only to the extent of policy benefits paid because of that injury.”
In due course the trial judge granted plaintiff’s motion for summary judgment, dismissing United’s claim against her. He reasoned that the word “recovery” in the subrogation rider does not include a settlement which excludes medical expenses. The trial judge also noted that United was not prejudiced by his ruling because it could proceed with its claim against the City. From this judgment United has appealed, claiming deprivation of contractual rights of subrogation and reimbursement.
Subrogation is the substitution of one person to the rights of another. C.C. art. 1825. In the absence of a provision in the policy granting subrogation to the insurer, the insured may collect from a third party tort feasor and retain everything he has been paid by the insurer. Wheelahan v. Eller, 446 So.2d 442 (La.App. 4th Cir.1984), writ denied 447 So.2d 1073 (La.1984). On the other hand, where the policy provides for reimbursement by the insured to the insurer and the insured settles with the third party tortfeasor, the insurer is entitled to collect from the insured the benefits it paid. Liberty Mutual Insurance Company v. Weinberger, 329 So.2d 254 (La.App. 4th Cir.1976).
Whether United may recover in the instant case depends on the language of the policy. In the Weinberger case, where recovery by the insurer was allowed, we learn from a concurring opinion, that “the policy’s reimbursement (like that of uninsured motorist coverage, § 1406, Subd. D(4), is from ‘proceeds’ of judgment or settlement.” The full text of the UM statute referred to by the court entitles the insurer “to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any [other].” If United’s policy were so clear the case would not be before us. Unfortunately for United, it failed to draft the policy to provide for the result it seeks here.
Nothing in the language of the policy precludes the insured from foregoing its right to recover medical expenses from the third party. By contract between the plaintiff and the City, they agreed that the settlement did not include any medical expenses and recognized United’s right to pursue the claim. When the settlement was made, plaintiff acknowledged United’s right of subrogation against the City and the City agreed likewise. No action was taken by the plaintiff to prejudice United’s subrogation rights and the plaintiff *1139 remains obligated to cooperate with United in its recovery efforts. All of the policy’s conditions were met.
United argues that the proceeds had to include the medical expenses because medical expenses were prayed for in the original petition and were included in a pretrial order among the items for which plaintiff was seeking recovery. Furthermore, United insists that the arrangement between plaintiff and the City for plaintiff to escrow $100,000 for payment to the City in the event of United’s obtaining a judgment against the City constitutes some sort of a tacit admission or acknowledgment that the $450,000 settlement included at least $100,-000 of medical expenses. We are not persuaded by these arguments. The technical inclusion of the medical expenses in the petition and pretrial order was rescinded by the motion and the order for dismissal of the claim and by the terms of the settlement agreement. As for the escrow agreement, we consider this to be simply part of a broad agreement between plaintiff and the City which served as partial consideration for the contract and an inducement to make the settlement. The City apparently placed a limit of $500,000 (including the $50,000 it might ultimately pay United) on its exposure in this case and would not accept the additional $100,000 of exposure.
Plaintiff apparently suffered extensive injuries. In her petition she prayed for $4,750,000 in damages. It appears that plaintiff’s claim in judgment would have been worth several times what she received in the settlement. On the other hand the City’s liability was very questionable. Here was a classic setting for a compromise and agreement between two persons, who, for putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which each one of them prefers to the hope of gaining, balanced by the danger of losing. C.C. 3071. The $450,000 was not the total of damages sought by plaintiff. It was a round number the parties agreed to accept and to pay in exchange for terminating the suit.
The crucial language under consideration is that the insured agreed to United’s being subrogated to any recovery against the third party. We conclude that this language did not prevent the insured from waiving recovery of the medical expenses from the tort feasor and leaving the right to recover medical expenses intact and exercisable by United. United could have avoided this result by the simple expedient of using clear and appropriate language in the policy.
The judgment appealed from is affirmed.
AFFIRMED.