602 So.2d 160 (1992)
AMERICAN GREETINGS, Plaintiff-Appellee,
v.
Jeffrey Lance MANUEL, Defendant-Appellant.
No. 91-249.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
*161 Ryder & Deshotels, Alfred R. Ryder, Oberlin, for Manuel, appellant.
Mathews, Atkinson, Guglielmo, Marks & Day, Leonard Cardenas, III, Baton Rouge, for Jeffrey L. Manuel, appellee.
Before STOKER, J., and CULPEPPER[*], J. (Retired), and SALOOM[*], J. Pro Tem.
KALISTE J. SALOOM, Jr., Judge, Pro Tem.
The question in this appeal is whether a self-insured employer may recover medical expense payments made to its insured under a reimbursement clause in the insurance contract. The trial court rendered judgment in favor of the self-insured employer. After careful review, we affirm.
Plaintiff-appellee, American Greetings, was the employer of Leon Manuel, the father of defendant-appellant, Jeffrey Manuel. American Greetings provided accident, hospitalization, and health benefits to its employees and their dependents under a self-insured group health plan. Jeffrey Manuel was covered under this plan as a dependent. The plan contains the following language:
"In the event that a covered employee or dependent is entitled to recover from any other person or persons, other than an insurer under a separate policy of insurance issued to the individual so entitled, any expenses on account of which benefits shall have been paid under the plan:
(a) The sponsor [American Greetings] shall be entitled, to the extent of such benefits paid, to the proceeds of any judgment or settlement that may result from the exercise of the right against such person or persons of the individual so entitled;
(b) The individual so entitled shall hold in trust for the sponsor, to the extent of such benefits paid, his rights to recover such expense from such other person or persons;
(c) The individual so entitled shall do whatever is proper to secure such rights and shall do nothing to prejudice them;
(d) The individual so entitled shall take, in his own name, through any representative designated by the sponsor, such action as may be necessary or appropriate to recover such expenses from such other person or persons: all expenses and costs incident to the taking of any action pursuant to this condition to be born by the sponsor;
(e) The individual so entitled shall execute and deliver to the sponsor such instruments and papers as may be appropriate to secure the rights and obligations established by this condition."
On December 1, 1984, Jeffrey was injured in a three-wheeler accident and made a claim for medical payments under American Greeting's health plan; American Greetings paid out a total of $69,239.80 in medical expenses on behalf of Jeffrey.
During the time these medical expenses were being paid by American Greetings, Jeffrey's father, Leon Manuel, executed a reimbursement agreement on behalf of Jeffrey, agreeing to reimburse American Greetings for the medical expenses paid out of any recovery obtained from the tortfeasor. The agreement further provided *162 that no settlement of Jeffrey's claim against the tortfeasor could be made without the prior approval of American Greetings.
Following suit for damages against several defendants, a settlement was reached in which Jeffrey Manuel received approximately $400,000.00 on January 12, 1988. No written consent or prior approval of this settlement was obtained by Jeffrey Manuel from American Greetings.
Upon refusal of Jeffrey Manuel to reimburse American Greetings for medical expenses paid, this suit was instituted. The trial court granted judgment in favor of American Greetings, finding that Jeffrey was obligated under the insurance contract and the reimbursement agreement to reimburse American Greetings for medical expenses paid. This appeal followed.
Appellant assigns as error the failure of the trial court to rule that the doctrines of laches or equitable estoppel apply and the failure to apply the doctrine of unjust enrichment or quantum meruit to reduce any recovery for a proportionate share of the expenses and attorney's fees incurred by appellant in pursuit of his claim against the tortfeasor. Appellant first argues, relying on the doctrines of laches or equitable estoppel, that American Greetings should not be allowed to recover any reimbursement because their delay in filing this suit prejudiced appellant, as appellant came to believe that American Greetings was not going to seek legal redress.
The purpose of the equitable doctrine of laches is to bar the prosecution of stale claims that would cause injustice if pursued. Prejean v. Commonwealth for Community Change, Inc., 503 So.2d 661 (La.App. 3d Cir.1987). Two elements must be proven to establish that a party is guilty of laches: (1) unreasonable delay by the plaintiff in filing suit, and (2) that harm would be suffered by the defendant, based on the reasonable assumption, occasioned by the delay, that the plaintiff would not seek further legal redress. Jordan v. Sutton, 424 So.2d 305 (La.App. 1st Cir.1982).
The trial court found the doctrine inapplicable to this case. We agree. The record is replete with correspondence both before and after the settlement, indicating that appellant was aware that American Greetings intended to recover the medical expenses. If appellant did, in fact, assume that American Greetings did not intend to recover the expenses, such assumption was unreasonable. This assignment is without merit.
Appellant next argues that based on the doctrines of unjust enrichment or quantum meruit, any recovery should be reduced by a proportionate share of the expenses and attorney's fees incurred by appellant in the litigation with the tortfeasor. He argues that American Greetings was unjustly enriched by their failure to intervene in the suit against the tortfeasor. He also contends that failure to intervene saved American Greetings the expenses of litigation which were instead incurred by him.
A similar claim was made by the insured in the case of Liberty Mutual Insurance Co. v. Weinberger, 329 So.2d 254 (La.App. 4th Cir.1976). The reimbursement claim of the insurance contract in that case provided that the insurer could only recover amounts paid out of the "proceeds" received from the tortfeasor. Such a condition protects against a situation whereby the insured recovers a certain amount, after which he must reimburse the insurer, and is left with attorney's fees and costs, resulting in a net loss to the insured. American Greetings reimbursement clause contains such a "proceeds" condition. See also Harris v. Huval Baking Company, 265 So.2d 783 (La.App. 3d Cir.), writ refused, 263 La. 103, 267 So.2d 210 (1972).
Additionally, the failure of American Greetings to intervene does not lessen their right of reimbursement. A party does not lose his right of action by failure to assert his action in an incidental demand. LSA-C.C.P. art. 1037.
Finally, we point out that public policy favors reimbursement provisions such as the one at issue here. As stated in Liberty *163 Mutual, supra, "There is no public advantage to the entire public paying a higher insurance premium in order that injured persons can collect twice for the same medical expenses." 329 So.2d at 256. See also Wallace v. Aetna Life & Cas. Ins. Co., 499 So.2d 577 (La.App. 2d Cir.1986).
For the reasons hereinabove assigned, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Retired, and Honorable Kaliste J. Saloom, Jr., participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.