liGREMILLION, Judge.
The plaintiff, Washington National Insurance Co., appeals the ruling of the trial court sustaining the defendant’s, Rhonda Arnaud, peremptory exception of prescription. For the following reasons, we reverse.
FACTS
Arnaud was injured in an accident on February 1, 1988, when the automobile she was driving was struck from behind by an automobile driven by Horace Manuel. She suf *1131 fered injuries as a result of this accident and sued Manuel and Commercial Union Insurance Company, the insurer for Manuel’s employer, Diesi Pontiac-Cadillac-Buick.
At the time of this accident, Arnaud was employed by Lou Anna Foods and was provided with insurance coverage by Lou Anna through a policy issued by Washington National. As a result of this accident, Washington National paid $88,214.46 in medical bills on behalf of Arnaud. The policy in effect at the time |2contained a reimbursement provision which read:
Reimbursement:
There shall be no coverage or expenses incurred by an Insured:
1. as a result of an injury or sickness which is claimed by the Insured to have been the result of an act or omission of a third party; and
2. for which payment is made to or on behalf of the Insured by such third party-
If a claim is made to the Company for expenses:
1. covered under the policy; and
2. for which, in the opinion of the Company, a third party may be hable;
the Company will pay benefits, provided the Insured agrees in writing, to reimburse the Company when payment is made by such third party.
The Company’s right to reimbursement will be limited to the lesser of:
1. the amount of benefits paid by the Company; or
2. the amount paid by the third party which represents reimbursement to the Insured for such expenses.
Arnaud also executed a reimbursement agreement with Washington National on February 19, 1990, in return for the payment of her medical bills.
On January 4, 1991, Arnaud settled her lawsuit against Manuel for $420,000.00, but did not reimburse Washington National. On June 6, 1995, Washington National filed a Petition for Reimbursement of Medical Expenses seeking to have the reimbursement agreement enforced and collect $38,214.46. In response, Arnaud filed a peremptory exception of prescription on June 22, 1995, maintaining that Washington National’s cause of action was subject to a one year prescriptive period and that although prescription was interrupted during the pen-dency of the lawsuit resulting from the accident, this claim was prescribed.
| ¡^Arguments on this exception were heard on July 7, 1995. A judgment sustaining the exception was issued on August 8, 1995, wherein the trial court found that the action for reimbursement was a delictual action subject to a prescriptive period of one year, rather than a personal action subject to a ten year prescriptive period.
ISSUE
In resolving the issues presented in this case, we must initially determine whether Washington National’s cause of action is one of subrogation or one of reimbursement. After the proper cause of action is determined, we must then ascertain the proper prescriptive period applicable to that action.
To determine whether a provision provides for subrogation or reimbursement, the language used in the provision must be examined as well as the rights granted to the insurer. Barreca v. Cobb, 95-1651 (La. 2/28/96); 668 So.2d 1129. The right of subro-gation permits the insurer to stand in the shoes of the insured and assert the actions and rights available to the insured while a right of reimbursement allows the insurer to proceed against only the insured. Id.
The reimbursement agreement executed by Arnaud reads as follows:
REMINDER OF REIMBURSEMENT AGREEMENT
Your group health policy contains a “Reimbursement Amendment” provision that removes from covering those expenses incurred as a result of an act or commission of a third party for which you receive payment.
When it appears that third party may be hable for payment of such expenses the Company will pay benefits under the poli- *1132 ey, provided that the insured agrees to reimburse the Company when a payment is made by such third party.
We will pay benefits under your group health policy, provided you complete the following Reimbursement Agreement.
[[Image here]]
| REIMBURSEMENT AGREEMENT
Consistent with the terms of the Reimbursement Amendment provision contained in Policy No. 68193, and in consideration of payments made to me by Washington National Insurance Company thereunder, because of injury or sickness beginning on 2-1-88, I agree to reimburse Washington National Insurance Company for such payments when payment is made to me by a third party on account of said injury or sickness.
It is clear that the language of this agreement does not give Washington National the right to proceed against anyone but the insured. As such, we find that this agreement is one for reimbursement and not subrogation.
“Delictual actions are subject to a libera-tive prescription of one year.” La.Civ.Code art. 3492. “Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years” La.Civ. Code art. 3499.
Generally, where a person neglects to do what he is obligated to do under a contract, he has committed a passive breach of the contract. If he negligently performs a contractual obligation, he has committed active negligence and thus an active breach of the contract, [citations omitted] A passive breach of contract warrants only an action for breach of contract; an active breach of contract, on the other hand, may also support an action in tort under LSA-C.C. Art. 2315.
Dubin v. Dubin, 25,996, pp. 5-6 (La.App. 2 Cir. 8/17/94); 641 So.2d 1036, 1040. “The classical distinction between damages ex contractual and damages ex delicto is that the former flow from the breach of a special obligation contractually assumed by the obli-gor, whereas the latter flow from the violation of a general duty owed to all persons.” Davis v. LeBlanc, 149 So.2d 252, 254 (La.App. 3 Cir.1963).
To determine the proper prescriptive period for an action, we must first look to the character of the action as disclosed in the pleadings. Starns v. Emmons, 538 So.2d 275 (La.1989); J.W. Warren & Associates v. Audubon Ins., 93-1650 (La.App. 3 Cir. 7/6/94); 638 So.2d 1241.
Washington National’s Petition for Reimbursement of Medical Expenses 15asserts the following:
III.
On or about February 1,1988 RHONDA ARNAUD was injured in an automobile accident which resulted in medical expenses in the filing of a claim for damages and for personal injuries in the matter captioned, “Rhonda Amaud vs. Commercial Union Insurance Company, et al”, 27th Judicial District Court, docket number 88-1750-C, St. Landry Parish, State of Louisiana.
IV.
That as a result of the injuries sustained by RHONDA ARNAUD, WASHINGTON NATIONAL INSURANCE COMPANY has paid to or on behalf of RHONDA ARNAUD medical expenses on her behalf totaling $38,214.46. See attached Exhibit “2”.
V.
That by virtue of the payments previously made plaintiff is subrogated legally and contractually to recover said sums pursuant to the reimbursement amendment provision under policy number 68193 and the execution by defendant, RHONDA AR-NAUD, of the reimbursement agreement dated February 18, 1990 attached hereto as Exhibit “3”.
VI.
Amicable demand has been made upon RHONDA ARNAUD for enforcement of the reimbursement agreement and said de *1133 fendant, RHONDA ARNAUD, has faded to honor and reimburse plaintiff, WASHINGTON NATIONAL INSURANCE COMPANY, in the amount of $38,214.36.
Like Arnaud, the trial court seems to rely on Washington National Insurance Company v. Brown, 94-1346 (La.App. 1 Cir. 4/7/95); 654 So.2d 724, writ denied, 95-1699 (La. 10/13/95); 661 So.2d 497, in making its determination that this action is delictual and thus, subject to a one year prescriptive period. In that case, the defendant, Brown, was injured in an automobile accident and she filed a claim with her insurer, Washington National Insurance Company. Brown was required to sign an agreement that required her to reimburse Washington National from any recovery she received for medical expenses. The policy also contained the same | (reimbursement provision contained in the policy that is the subject of the present litigation. Two years after suit was filed, a settlement was reached and six months later, Washington National filed suit for reimbursement. The trial court held that the insurer’s claim had prescribed because it was filed more than one year from the date of the accident. The First Circuit reversed, holding that:
Washington National’s claim for reimbursement was interrupted during the pendency of Ms. Brown’s suit against the third party tortfeasor and began to run anew upon dismissal of Ms. Brown’s suit. We conclude that the dismissal must have occurred either on November 2, 1992, or shortly thereafter. Clearly, Washington National’s suit for reimbursement filed on May 19,1993 was within one year from the date of dismissal. Thus, we conclude that Washington National’s claim did not prescribe.
Id. at 727.
However, we do not read that case to hold that a reimbursement agreement is limited to a one year prescriptive period. At any rate, we reject that premise. Although the First Circuit in Washington National Insurance Company v. Brown framed the issue presented by the first assignment of error as whether a one year or a ten year prescriptive period applied to the reimbursement agreement, it addressed only the issue of whether prescription was interrupted. The court never made an unequivocal statement as to which prescriptive period applied.
In the ease sub judice, we find that the nature of this action is contractual. The tenor and import of the petition, particularly paragraphs IV and V, regardless of the use of the word “subrogate,” clearly illustrates that Washington National is attempting to enforce a contractual right. Furthermore, the alleged wrong committed by Arnaud, not reimbursing the insurer, is a passive breach of contract. The proper avenue for seeking redress is an action for breach of contract. As such, we find that the trial judge erred in granting Arnaud’s exception of prescription. The proper prescriptive period for this personal action (enforcement of a contractual right) |7is ten years. Aetna Casualty and Surety Company v. Smith, 552 So.2d 708 (La.App. 3 Cir.1989).
Additionally, we do not share Arnaud’s belief that by finding the ten year prescriptive period applicable to this action, we are subjecting “the insured to an intolerable degree of uncertainty for an interminable amount of time.” Nor do we agree that our ruling unfairly forces an insured “to wait an entire decade to find out whether or not your insurer is going to sue you for reimbursement.” Once Arnaud entered the contractual agreement with Washington National, she had the same legal position as all who enter contractual agreements. Such agreements prescribe in ten years. The way to avoid this suffering is for the insured to reimburse the insurer as agreed. Washington National paid Arnaud’s medical bills with the understanding that if it was later determined that a third party was responsible and Arnaud recovered medical costs from that third party, she would then reimburse the medical costs paid by Washington National. As per the agreement and the policy, it was Ar-naud’s responsibility under the contract to reimburse Washington National. This is in line with the well accepted public policy against the entire public paying a higher insurance premium so that injured persons can collect twice for the same medical ex *1134 penses. American Greetings v. Manuel, 602 So.2d 160 (La.App. 3 Cir.1992).
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed, the exception of prescription is overruled, and the matter is remanded for further proceedings. Costs of this appeal are taxed to the defendant, Rhonda Arnaud. All other court costs are to be assessed at the conclusion of the trial on the merits.
REVERSED AND REMANDED.