# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-1607

**INEZ R. STRAHAN**

**VERSUS**

**SABINE RETIREMENT & REHABILITATION CENTER, INC.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 59,825C
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

Donald G. Kelly
137 St. Denis Street
Natchitoches, LA 71458-0756
Telephone: (318) 352-2353
COUNSEL FOR:
 Plaintiff/Appellant - Inez R. Strahan

James Rex Fair, Jr.
714 Third Street
Natchitoches, LA 71457
Telephone: (318) 238-3247
COUNSEL FOR:
 Plaintiff/Appellant - Inez R. Strahan

Joseph G. Glass
Jaime M. Cambre
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock
Suite 2900 - Lakeway III
3838 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 832-3700
COUNSEL FOR:
 Defendant/Appellee - Sabine Retirement & Rehabilitation Center, Inc.

**THIBODEAUX, Chief Judge.**

The plaintiff-appellant, Inez R. Strahan, a resident of Sabine Retirement and Rehabilitation Center (SRRC), was injured in a motor vehicle accident while being transported in an SRRC vehicle to a doctor's appointment. Ms. Strahan sued SRRC for damages after the expiration of one year from the date of the accident. The trial court sustained SRRC's exceptions of prescription and prematurity. Ms. Strahan has appealed the judgment sustaining the exception of prescription, claiming that her suit seeks damages for breach of contract and is subject to a ten-year prescriptive period, as opposed to the one-year prescriptive period applied to her action by the trial court. For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUES

1. Does this nursing home resident's petition for damages for the injuries she suffered in the nursing home's vehicle while being transported to a doctor's appointment assert a delictual and/or contractual cause of action?

2. Is the plaintiff's petition prescribed since it was filed more than one year after the date of the accident that resulted in her injuries?

II.

## FACTUAL BACKGROUND

Ms. Strahan signed a contract with SRRC for her admission into its facility on April 11, 2005. The contract states that SRRC will provide maintenance, room, board, linens, bedding, nursing care, and certain other personal services to her. On January 13, 2006, while Ms. Strahan was being transported to a regularly scheduled doctor's visit in an SRRC van by an SRRC employee, the vehicle was involved in an accident. Ms. Strahan suffered multiple bruises and abrasions, a

broken left arm, a sprained left ankle, aggravation to a previously existing lumbar spine fracture, and a concussion.

On April 17, 2007, approximately one year and four months after the accident occurred, Ms. Strahan filed a lawsuit against SRRC titled "Suit for Breach of Contract and for Damages." In that suit, she alleged that she was entitled to damages for the breach of the specific contract provision requiring SRRC to provide transportation for her to a hospital when such was ordered by a physician. According to Ms. Strahan, the following actions and/or omissions constituted breaches of that contractual obligation: failure to properly prepare her for travel to and from the location of her doctor's appointment; failure and refusal to adhere to the contract's requirements regarding work that is to be performed, resulting in a failure to provide adequate care to her, a patient; violation of the express and implied warranties of fitness in regard to the specifications and services to be provided under the contract; and violations of the implied covenants of good faith and fair dealing. She requested damages for her resulting physical injuries, pain and suffering, mental anguish, economic duress, and medical costs.

SRRC filed exceptions of prematurity and prescription in response to the suit. The trial court sustained both exceptions; however, its ruling on the exception of prescription is the only issue before us on appeal.

The trial court agreed with SRRC's argument that Ms. Strahan's suit was prescribed. First, the trial court analyzed the suit to determine whether her claims arose out of tortious conduct or were contractually based, or both. In doing so, the trial court relied on the premise that the nature of the duty breached is the determining factor regarding whether an action is delictual or contractual. *Roger v. Dufrene*, 613 So.2d 947 (La.1993). Considering this, the court stated that Ms. Strahan's claims, "at

2

their core, are based on alleged delictual actions or omissions of [SRRC], not contractual breach." SRRC's actions, according to the trial court, did not stem from a breach of its contractual promise "[t]o coordinate transportation for the resident to the hospital when ordered by a physician," as asserted by Ms. Strahan. Instead, its actions constituted a delictual violation of SRRC's general duty of care owed to all persons when operating its vehicles. Having found that Ms. Strahan's action was delictual in nature, the trial court stated, "As such, the liberative prescription period is one (1) year pursuant to all applicable prescriptive periods, be it La.[Civ.Code] art. 3492 (negligence),[1] La.R.S. 9:5628 ([medical] malpractice),[2] or La.R.S. 40:2010.9(C)[3] (nursing home bill of rights)." (Footnotes added). Consequently, the trial court held that Ms. Strahan's suit was prescribed since it was filed more than one year from the date of the accident at issue.

_____

[1]Civil Code Article 3492 states:

　　3492. Delictual actions

　　Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

[2]Revised Statutes 9:5628(A) states:

　　A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

[3]Revised Statutes 40:2010.9(C) states:

　　C. Any claim brought pursuant to R.S. 40:2010.8 et seq. shall be filed in a court of competent jurisdiction within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including, but not limited to, minors, interdicts and all persons adjudicated to be incompetent of handling their own affairs.

In Ms. Strahan's appeal, she claims that the trial court improperly disregarded the existence of the explicit contractual duty SRRC owed to her as set forth in their agreement—to "coordinate transportation for [her] to the hospital when ordered by a physician"—and erroneously focused instead on SRRC's general duty to third parties to conclude that her claim had prescribed. Because breach of contract actions are personal actions that are subject to a liberative prescriptive period of ten years, pursuant to La.Civ.Code art. 3499,[4] she asserts that her lawsuit constitutes a timely filed action that was erroneously dismissed.

III.

## LAW AND DISCUSSION

The standard of review applied to a ruling on an exception of prescription is as follows:

> In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. *Morrison v. C.A. Guidry Produce*, 03-307 (La.App. 3 Cir. 10/1/03), 856 So.2d 1222. Further, "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes 'against prescription and in favor of the claim that is said to be extinguished.'" *Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc.*, 94-1317, 94-1318, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting *La. Health Serv. v. Tarver*, 635 So.2d 1090, 1098 (La.1994)).

*Hall v. Reber*, 03-1482, p. 3 (La.App. 3 Cir. 3/31/04), 870 So.2d 424, 426.

The "character of an action given by a plaintiff in his pleadings determines the prescription applicable to it." *Duer & Taylor v. Blanchard, Walker,*

_____

[4]Civil Code Article 3499 states:

Art. 3499. Personal action

Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.

*O'Quin & Roberts*, 354 So.2d 192, 194 (La.1978) (citations omitted). This determination can be made by ascertaining the nature of the duty that has been allegedly breached. *Roger*, 613 So.2d 947. "It is the nature of the duty breached that should determine whether the action is in tort or in contract." *Id*. at 948 (citing *Sciacca v. Polizzi*, 403 So.2d 728 (La.1981)). In this case, the nature of the duty breached is disputed. The trial court found that Ms. Strahan's claim for damages is delictual in nature, arising out of a violation of a general duty of care to all persons, as opposed to a breach of any contractual obligation imposed upon SRRC. Based on our review of the record, we agree.

Contractual damages arise out of the breach of a special obligation contractually assumed, and delictual damages arise out of the violation of a duty owed to all persons. *Washington Nat'l Ins. Co., v. Arnaud*, 96-134 (La.App. 3 Cir. 6/26/96), 676 So.2d 1130, *writ denied*, 96-1918 (La. 11/1/96), 681 So.2d 1263 (citing *Davis v. LeBlanc*, 149 So.2d 252 (La.App. 3 Cir. 1963)). The facts alleged are that Ms. Strahan was injured while being transported to a regularly scheduled doctor's appointment in the nursing home's van. The contract calls for SRRC to provide general services of care and maintenance to her as a resident of the facility and also contains a specific requirement that she be transported by the nursing home to a hospital when ordered by a physician. Although the record is void of any evidence explaining the meaning of this latter provision and its intended implication, it is apparently conceded by SRRC that it was transporting Ms. Strahan under this provision or other applicable terms of her contract. Nevertheless, the ultimate resolution of the issue before us depends on whether the occurrence of the motor vehicle accident while en route to Ms. Strahan's medical appointment constituted a

5

breach of the nursing home agreement, entitling Ms. Strahan to contractually-based damages.

"It is well settled that the same acts or omissions may constitute breaches of both general duties and contractual duties and may give rise to both actions in tort and actions in contract." *Dubin v. Dubin,* 25,996, p. 5 (La.App. 2 Cir. 8/17/94), 641 So.2d 1036, 1039 (citing *Free v. Franklin Guest Home, Inc.*, 397 So.2d 47 (La.App. 2 Cir.), *writ denied*, 401 So.2d 975 (La.1981); *Franklin v. Able Moving & Storage Co., Inc.*, 439 So.2d 489 (La.App. 1 Cir. 1983)). A plaintiff may assert both causes of action and is not required to plead the theory of his case. *Id*. Breaches of contract are distinguished as follows:

> Generally, where a person neglects to do what he is obligated to do under a contract, he has committed a passive breach of the contract. If he negligently performs a contractual obligation, he has committed active negligence and thus an active breach of the contract. *Huggs, Inc. v. LPC Energy, Inc.*, 889 F.2d 649 (5th Cir. 1989); *Hennessy v. South Central Bell Telephone Company*, 382 So.2d 1044 (La.App. 2d Cir.1980). A passive breach of contract warrants only an action for breach of contract; an active breach of contract, on the other hand, may also support an action in tort under LSA-C.C. Art. 2315. *Huggs, supra*.

*Id*. at 1040.

We find that the nature of the duty breached here is based in negligence, which is delictual in nature. SRRC commenced the performance of its obligation to provide transportation to Ms. Strahan to her medical appointment. However, the claim giving rise to the injuries and resulting damages to Ms. Strahan is rooted in the issue of whether she was being transported negligently. SRRC owed a general duty of care to all passengers riding in its motor vehicles and to the motoring public when its vehicles were in use. This particular duty, which it owed to Ms. Strahan as well,

did not arise solely when the nursing home agreement was entered into. Considering this, we find no manifest error in the trial court's finding in this regard.

We further recognize that the prescriptive period set forth in the Nursing Home Bill of Rights law provides that regardless of whether the claim is based in tort or breach of contract, no action for damages or injury may be brought more than one-year from the date of discovery of the alleged act or omission. La.R.S. 40:2010.9(C). The one-year prescriptive period began to run in this case when the injury to Ms. Strahan had manifested itself with certainty—the date of the accident. It is undisputed that the accident occurred on January 13, 2006, although Ms. Strahan filed her suit for damages on April 17, 2007, more than one year after the accrual of her cause of action. Accordingly, we find no manifest error in the trial court's finding that Ms. Strahan's action is prescribed.

IV.

## CONCLUSION

The judgment of the trial court, sustaining Sabine Retirement and Rehabilitation Center's exception of prescription, is affirmed. Costs of this appeal are assessed to the plaintiff-appellant, Inez Strahan.

**AFFIRMED.**