# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-506

BENTON SPECIALTIES, INC., ET AL.
VERSUS
CAJUN WELL SERVICE, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 68530
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

**MOTION TO DISMISS APPEAL DENIED.**

Stanford B. Gauthier, II
1405 West Pinhook Road, Suite 105
Lafayette, LA   70503
(337) 234-0099
COUNSEL FOR DEFENDANT/APPELLANT:
        Cajun Well Service, Inc.

Sue Nations
Post Office Drawer 51268
Lafayette, LA   70505
(337) 269-0052
COUNSEL FOR PLAINTIFFS/APPELLEES:
        Lexington Insurance Company
        Benton Specialties, Inc.

Jonathan C. Augustine
The Augustine Law Firm, A.P.L.C.
8322 One Calais Avenue
Baton Rouge, LA   70809
(225) 715-7112
COUNSEL FOR DEFENDANT/APPELLEE:
        Petrosurance Casualty Company In Receivership

AMY, Judge.

The Defendant-Appellee, Petrosurance Casualty Company In Receivership (Petrosurance), has filed a Motion To Dismiss Interlocutory Portion of Appeal. For the reasons given herein, we deny the motion.

This case involves a concursus proceeding. In 1996, Warren Malveaux was injured while acting within the course and scope of his employment with Cajun Well Service, Inc. (Cajun). Mr. Malveaux filed a workers' compensation claim and received approximately $118,000.00 in benefits from Petrosurance, which is the workers' compensation carrier for Cajun.

Mr. Malveaux also filed a tort action against Benton Specialities, Inc. (Benton), and its insurer, Lexington Insurance Company (Lexington). As part of the settlement agreement for the tort action, Benton and Lexington agreed to pay $45,000.00 to Mr. Malveaux and $59,000.00 to Petrosurance. However, because Cajun asserted that it was entitled to recover a portion of the $59,000.00, Benton and Lexington deposited this amount into the registry of the court, and filed the instant concursus proceeding, naming Petrosurance and Cajun as defendants.

Petrosurance filed a motion for summary judgment arguing that it was entitled to the entire $59,000.000 which had been deposited into the registry of the court. The trial court granted the motion and ordered that the funds, less the costs of the concursus proceeding, be distributed to Petrosurance. The funds were subsequently disbursed to counsel for Petrosurance. However, Cajun filed a suspensive appeal, and this court reversed the trial court, finding that the existence of genuine issues of material fact precluded summary judgment. *See Benton Specialties, Inc. v. Cajun Well Service, Inc.*, 05-842 (La.App. 3 Cir. 2/1/06), 922 So.2d 687, *writ not considered*, 06-0515 (La. 5/5/06), 927 So.2d 302.

After the case was remanded to the trial court, various motions and other pleadings were filed, including a Rule to Show Cause Why Sanctions Should Not Be Levied which was filed by Cajun. By this rule, Cajun sought to have the disputed funds returned to the registry of the court and to have the attorneys representing Petrosurance sanctioned for withdrawing the funds before the appeal delays had run and for not returning the funds once they learned that a suspensive appeal had been filed.

On February 25, 2008, the trial court conducted a contradictory hearing regarding the Rule for Sanctions, in addition to conducting a trial on the merits of the case. On April 24, 2008, the trial court signed a judgment denying the Rule for Sanctions as it pertains to Petrosurance and one of its attorneys, Montgomery Barnett, and took the remaining matters under advisement. On May 16, 2008, the trial court issued two judgments and two Reasons for Judgment. In one of the judgments, in addition to ruling on other matters, the trial court denied Cajun's Rule for Sanctions with regard to Petrosurance's other attorneys. In the second judgment, the trial court ruled in favor of Petrosurance on the merits of the case, finding that Petrosurance was entitled to receive all the funds at issue in this concursus proceedings. Notice of the two judgments rendered in May was mailed on August 14, 2008.

On September 8, 2008, Cajun filed a motion for appeal, stating that it wanted to suspensively appeal the judgment on the merits and to devolutively appeal the judgment regarding the Rule for Sanctions. The order of appeal was signed by the trial court on September 10, 2008. The appeal was lodged in this court on April 28, 2009.

On May 11, 2009, Appellee, Petrosurance, filed a motion to dismiss that portion of the appeal that pertains to the ruling on Cajun's Rule for Sanctions.

2

Appellee contends that in its motion for appeal, Cajun mistakenly refers to both judgments signed on May 16, 2008, as final judgments. However, Appellee asserts that pursuant to La.Code Civ.P. art. 1841, the judgment denying the Rule for Sanctions is an interlocutory judgment because it decides preliminary matters rather than the merits of the case. Appellee cites *Bernard v. Allstate Ins. Co.*, 396 So.2d 548 (La.App. 3 Cir. 1981), for the proposition that there is no right to appeal an interlocutory judgment, absent a showing of irreparable injury. In the instant case, Appellee contends that Cajun has not made a showing of irreparable harm, and therefore, it cannot take an appeal from the judgment regarding the Rule for Sanctions. According to Appellee, the only means by which Cajun could have had this court review the trial court's ruling regarding sanctions would have been to file a notice of intent to seek supervisory writs. Since no such notice was filed, Appellee argues that this court should dismiss that portion of the appeal which deals with the trial court's denial of the Rule for Sanctions.

In its opposition to the instant motion, Cajun argues that the judgment regarding the Rule for Sanctions is subject to review on appeal. Citing *Texas Gas Transmission Corp. v. Soileau*, 251 So.2d 104, 106 (La.App. 3 Cir.), *writ not considered*, 253 So.2d 214 (La.1971)(citations omitted), Cajun asserts that "[w]hen a judgment is rendered on the merits of the case, any interlocutory judgment becomes part of the final decree and is subject to review on appeal." Cajun also cites *Bielkiewicz v. Insurance Co. of North America*, 201 So.2d 130, 135 (La.App. 3 Cir. 1967) (citations omitted), for the proposition that "[w]hen an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment appealed from." In the instant case, Cajun contends that since

it has taken an unrestricted appeal from the judgment on the merits of the case, it is entitled to appellate review of the adverse judgment regarding sanctions.

This court has held that although an interlocutory judgment is generally not appealable, an interlocutory judgment is subject to review on appeal when an appealable judgment has been rendered in the case. *Firemen's Pension and Relief Fund for the City of Lake Charles v. Boyer*, 420 So.2d 1323 (La.App. 3 Cir. 1982). In the instant case, a final, appealable judgment has been rendered with regard to the merits of the case, and that is one of the judgments at issue in this appeal. While the judgment denying the Rule For Sanctions is an interlocutory judgment, we find that, pursuant to the ruling set forth in *Firemen's Pension and Relief Fund*, it is appropriate for this judgment to be subject to appellate review along with the judgment on the merits. Therefore, Appellee's motion to dismiss that portion of this appeal which challenges the denial of the Rule for Sanctions is denied at Appellee's cost.

**MOTION TO DISMISS APPEAL DENIED.**