# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 12-464


**EASTERN SOLUTIONS, INC.**

**VERSUS**

**NAJI AL-FOUZAN, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20101476
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Mark Alfred Ackal**
**P. O. Box 52045**
**Lafayette, LA 70505**
**(337) 237-5500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Eastern Solutions, Inc.**


**Michael Reese Davis**
**Hymel Davis & Petersen, LLC**
**10602 Coursey Blvd.**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Eastern Solutions, Inc.**

**Jane Carolyn Ettinger**
**Booth & Booth**
**138 N. Cortez St.**
**New Orleans, LA 70119**
**(504) 482-5292**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Naji Al-Fouzan**

**EZELL, Judge.**

The question raised by this appeal is whether the action filed by the Plaintiff is a suit for breach of contract subject to ten-years liberative prescription or a suit on open account which is subject to three-years liberative prescription. For the following reasons, we find that the suit is one for breach of contract.

## FACTS

Following the 2005 hurricane season, Eastern Solutions, Inc. bought sixty-one modular, panelized temporary housing units from Corimec Italiana S.p.A. in January 2006. In June 2006, Bill Baisey, an investor in Eastern Solutions, began negotiations with Naji Al-Fouzan. Initially, the negotiations were conducted on behalf of Heston, LLC, but an agreement could never be reached between the two companies. Thereafter, Mr. Al-Fouzan began negotiations for himself to personally purchase the sixty-one units. Many different agreements and emails were transferred between the parties over several months.

At the end of 2006, Mr. Al-Fouzan sent a bill of sale to Eastern Solutions which had been prepared by either he or his attorney. The bill of sale provided that for $745,000.00 Eastern Solutions would sell sixty-one manufactured units to Mr. Al-Fouzan. Nawal Baisey, president of Eastern Solutions, and Mr. Al-Fouzan signed the document on December 6, 2006.

Between December 15 and December 17, 2006, Mr. Al-Fouzan took possession of the units from Lafayette and moved them to a warehouse in New Orleans. Mr. Al-Fouzan planned to use the units pursuant to a contract with the State of Texas which had a FEMA grant claim to build emergency housing. The units were eventually transferred to the State of Texas, who now has possession of them.

Eastern Solutions filed the present lawsuit for breach of contract, unjust enrichment, and damages on March 3, 2010. Prior to trial, Mr. Al-Fouzan filed a motion for summary judgment or alternatively an exception of prescription alleging that Eastern Solutions' claim was in reality a suit on "open account" subject to a prescription period of three years. The trial court denied both the motion for summary judgment and the exception of prescription.

Trial in the matter was held on December 5 and 6, 2011. The only remaining pending claim before the trial court was a claim for breach of contract. The trial court determined that a contract existed between the parties. Since the contract was prepared by Mr. Al-Fouzan, the trial court interpreted any ambiguity in the contract against him citing La.Civ.Code art. 2056. Pursuant to La.Civ.Code art. 1777, the trial court found that no term for the performance had been set forth in the contract so it was due immediately. Judgment was signed on February 14, 2012, in favor of Eastern Solutions and against Mr. Al-Fouzan in the amount of $733,868.75 plus interest and costs. Mr. Al-Fouzan appealed the judgment claiming the trial court erred in failing to sustain his exception of prescription.

## OPEN ACCOUNT OR BREACH OF CONTRACT

Mr. Al-Fouzan argues that the trial court erred in failing to find that Eastern Solutions' claim against him has prescribed pursuant to La.Civ.Code art. 3494 providing that certain actions are subject to a liberative prescription of three years. A claim based on an open account is one such claim. La.Civ.Code art. 3494(4). He argues that Eastern Solutions' suit is prescribed because it was not filed until March 3, 2010, more than three years after the transaction date of December 6, 2006.

Eastern Solutions has argued that Mr. Al-Fouzan waived his prescription argument because he did not raise this argument again at trial after it had been denied

2

by the trial court in a previous ruling. "When an appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings in addition to review of the final judgment." *Housing Authority for City of Ferriday v. Parker*, 629 So.2d 475, 477 (La.App. 3 Cir. 1993). *See also Benton Specialties, Inc. v. Cajun Well Serv., Inc.*, 09-506 (La.App. 3 Cir. 6/10/09), 13 So.3d 257. A judgment denying an exception of prescription is an interlocutory judgment. La.Code Civ.P. arts. 927 and 1841. Therefore, we find that this argument is properly before this court.

The standard of review to be applied when reviewing a peremptory exception of prescription is whether the trial court's finding of fact was manifestly erroneous. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.*, 07-1607 (La.App. 3 Cir. 4/30/08), 981 So.2d 287. Furthermore, in reviewing a peremptory exception of prescription, the appellate court must "strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *Id.* (Citations omitted.)

Louisiana Civil Code Article 3499 provides that a personal action is subject to a liberative prescription of ten years. Breach of contract actions are personal actions subject to a prescriptive period of ten years. *Strahan*, 981 So.2d 287. However, La.Civ.Code art. 3494 "constitutes a legislative limitation on the remedies available to a plaintiff who brings certain enumerated personal actions more than three years after the cause of action arose." *Starns v. Emmons*, 538 So.2d 275, 277 (La.1989). A suit on open account is subject to a liberative prescriptive period of three years. La.Civ.Code art. 3494(4). The supreme court has noted that all of the actions covered by La.Civ.Code art. 3494 essentially arise from contractual relationships. *Starns*, 538 So.2d 275.

"A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La.Civ.Code art. 1906. A bilateral contract is one in which the "obligation of each party is correlative to the obligation of the other." La.Civ. Code art. 1908. A "[s]ale is a contract whereby a person transfers ownership of a thing to another for a price in money". La.Civ.Code art. 2439. "The thing, the price, and the consent of the parties are requirements for the perfection of a sale." *Id.* "An expression of acceptance of an offer to sell a movable thing suffices to form a contract of sale if there is agreement on the thing and the price." La.Civ.Code art. 2601. "The buyer is bound to pay the price and to take delivery of the thing." La.Civ.Code art. 2549. "Payment of the price is due at the time and place stipulated in the contract, or at the time and place of delivery if the contract contains no such stipulation." La.Civ.Code art. 2550.

Louisiana Revised Statutes 9:2781(D) defines an open account to include "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." "An open account is an account […] open to future modification because of expectations of prospective business dealings." *Tyler v. Haynes*, 99-1921, p. 5 (La.App. 3 Cir. 5/3/00), 760 So.2d 559, 563. *See also Signlite, Inc. v. Northshore Serv. Ctr. Inc.*, 05-2444 (La.App. 1 Cir. 2/9/07), 959 So.2d 904. However, there is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions. *Frey Plumbing Co., Inc. v. Foster*, 07-1091 (La. 2/26/08), 996 So.2d 969.

"The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action." *Starns*, 538 So.2d at 277. The plaintiff

4

in *Starns* filed suit for breach of lease and a rule for possession. In the suit, the plaintiff sought to recover rent arrearages, late charges, and attorney fees. In reviewing the original and supplemental petitions, the supreme court observed that the action had its origin in the contract of lease but the action for rent arrearages was subject to the three-year prescriptive period of La.Civ.Code art. 3494(2). The supreme court then ruled that the plaintiff could maintain an action arising from the lease itself against the defendants but that any action to recover rent arrearages, and any fees associated with those arrearages, were prescribed since it had been over three years.

In its petition, Eastern Solutions stated that it agreed to sell sixty-one Corimec units to Mr. Al-Fouzan for $745,000.00. An invoice dated December 5, 2006, one day before the bill of sale was signed, indicated that $11,131.25 had been paid toward the purchase price, leaving a balance of $733,868.75. Mr. Al-Fouzan took delivery of the units but has refused to pay the balance due. Eastern Solutions claimed that this refusal to pay was a breach of contract.

The bill of sale prepared by Mr. Al-Fouzan provided for the sale of the following movable property to himself for the consideration of $745,000.00:

> All remaining modular, panelized temporary housing stock, as acquired by Seller in January, 2006 and received and currently warehoused by Seller at 107 I.G. Lane, Lafayette, Louisiana 70506; said stock manufactured by Corimec, SpA, and consisting of the following:
> - fifty seven [sic] (57) manufactured units each with dimensions of 8'x20', Serial Numbers are listed on the attached,
> - four (4) manufactured units each with dimensions of 8'x40', Serial Numbers are listed on the attached,
> - All remaining spare parts and accessories pertaining to the original Corimec order of January 2006.

The bill of sale further provided that the property was to be delivered free and clear of all liens and encumbrances with Mr. Al-Fouzan responsible for the dismantling,

moving, and shipping expenses. Mr. Al-Fouzan was also responsible for providing Eastern Solutions with a certificate of insurance for general liability in the amount of one million dollars listing Eastern Solutions as an additional insured. An inventory of the units was attached to the bill of sale.

Clearly this is a contract for the sale of movables obligating Eastern Solutions to sell sixty-one manufactured units to Mr. Al-Fouzan. In return Mr. Al-Fouzan was obligated to pay $745,000.00 to Eastern Solutions. Both parties signed the bill of sale supplying the necessary consent to complete the contract of sale.

Eastern Solutions admitted that Mr. Al-Fouzan had paid $11,131.25 toward the $745,000.00, thereby still owing it $733,868.75. Mr. Al-Fouzan admits he has not paid anything toward the $733,868.75. Mr. Al-Fouzan has failed in his obligation to pay the price set forth in the contract. Eastern Solutions' suit to collect the remaining balance due is a suit for breach of contract. *See* La.Civ.Code art. 2549. Therefore, the trial court did not err in failing to maintain Mr. Al-Fouzan's exception of prescription because ten years had not passed between the transaction date and the filing of the action against Mr. Al-Fouzan.

Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Naji Al-Fouzan.

**AFFIRMED.**